08 CV 3942

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

IN THE MATTER OF THE COMPLAINT

of

Estate of ROBERT CHACON, deceased, as owner of a 2005 24-foot Baha motor vessel, for Exoneration from or Limitation of Liability,

                Petitioner.

Civil No.: AMON, J.

J. ORENSTEIN, M.J.

ORDER RESTRAINING SUITS APPROVING PETITIONER'S *AD INTERIM* SECURITY, AND DIRECTING ISSUE OF NOTICE AND THE FILING OF CLAIMS

A Complaint having been filed herein on April 11, 2008, by the above-named Petitioner, as owner of a 2005 24-foot Baha motor vessel (hereinafter the "Vessel"), for Exoneration from or Limitation of Liability, pursuant to 46 U.S.C. §§ 30501 *et seq.* and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, concerning any claim or claims, loss, injury, and/or damage asserted or to be asserted in connection with a casualty involving the Vessel and the tugboat Melvin Lemmerhirt's towing line on or about October 20, 2007, while the Vessel was upon navigable waters of New York Harbor, Lower Bay;

**AND** the Complaint having stated that the value of the Petitioner's interest in the Vessel did not exceed the sum of $500.00 on the date of the incident;

**AND** the Petitioner having filed with the Court security for the benefit of Claimants, pursuant to an *Ad Interim* Security dated April 10, 2008, with surety, equal to the amount or value of Petitioner's interest in the said Vessel, with interest thereon, executed by Markel American Insurance Company;

**NOW**, on motion of RUBIN, FIORELLA & FRIEDMAN LLP, attorneys for Petitioner, it is:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/08

**ORDERED** that the above-described *Ad Interim* Security, in the sum of $500.00 with interest thereon, filed herein on behalf of the Petitioner for the benefit of Claimants as security for the Petitioner's interest in the Vessel, be and is hereby approved, and

**IT IS FURTHER ORDERED** that the Court, upon proper motion, may cause appraisement of the value of the Vessel and may thereupon order said security modified if it finds the amount thereof insufficient or excessive, and

**IT IS FURTHER ORDERED** that any Claimant in these proceedings may express, upon good cause shown and by written notice filed with the Court and served upon all parties of record, its dissatisfaction with Markel American Insurance Company, as surety. In the event of such notice, Petitioner shall within thirty (30) days of the entry of an order by the Court concerning the surety, cause security to be posted in the form provided by Supplemental Rule F(1) of the Federal Rules of Civil Procedure and satisfactory to this Court, failing which the injunction entered concurrently herewith will be vacated as to all Claimants, and the Court will make such further orders as the justice of the cause may require, and

**IT IS FURTHER ORDERED** that a **Notice shall be issued by the Clerk of this Court** to all persons asserting Claims or suits with respect to which the Complaint seeks Exoneration from or Limitation of Liability admonishing them to file their respective Claims with the Clerk of this Court, in writing, and to serve on the attorneys for the Petitioner a copy thereof, **on or before the 18th day of July 2008,** or be defaulted; that if any Claimant desires to contest either the right to Exoneration from or the right to Limitation of Liability, such Claimant shall file and serve on the attorneys for the Petitioner an Answer to the Complaint on or before the said date, unless the Claim has included an Answer to the Complaint, so designated, or be defaulted, and

2

**IT IS FURTHER ORDERED** that the aforesaid Notice shall be published in *Newsday*, a newspaper with a general circulation in the Counties of Kings and Queens, once a week for four (4) weeks before the return date of said Notice, as provided by the aforesaid Supplemental Admiralty Rule "F", and copies of said Notice shall be mailed by Petitioner in accordance with the rule to every person known to have any Claim against the Vessel or Petitioner, or to their attorneys, and

**IT IS FURTHER ORDERED** that the further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution hereafter of any and all suits, actions, or proceedings of any nature and description whatsoever in any Court of any jurisdiction, or otherwise, against the Petitioner, and/or the Vessel, and the taking of any steps and the making of any motion in such actions, suits or proceedings except in this action, to recover damages for or in respect to the aforesaid incident alleged in the Complaint, be and they hereby are restrained, stayed and enjoined until the hearing and determination of this action, and all warrants of arrest and/or attachment issued or sought in such other suits, actions or legal proceedings be and the same are hereby dissolved and further warrants of arrest and/or attachment are hereby prohibited, and

**IT IS FURTHER ORDERED** that service of this Order as a restraining order be made through the Post Office by mailing a conformed copy thereof to the person or persons to be restrained, or to their respective attorneys.

Dated:  Brooklyn, New York
        April ___, 2008

*Deborah A. Batts*
U.S.D.J.   5/19/08

3