JACOB SHISHA
TABAK & MELLUSI & SHISHA LLP
Attorneys for Claimant Cynthia Isello
29 Broadway
New York, NY 10006
Tel: (212) 962-1590
Fax: (212) 385-0920


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE PETITION<br><br>of<br><br>ESTATE OF ROBERT CHACON<br>deceased,<br>as owner of a 2005 24ft. Baha motor<br>vessel for exoneration from or limitation of<br>liability<br>                Petitioner. | Civil No.: 08 3942<br><br>**ANSWER AND CLAIM ON BEHALF OF CYNTHIA ISELLO, individually and As Personal Representative and Administratrix of the Estate of John Isello** |

NOW INTO COURT, through undersigned counsel, comes Cynthia Isello, widow, personal representative and court appointed administratrix of the estate of John Isello, deceased, and in answer to petitioner's petition seeking exoneration from or limitation of liability answers, files her claim in limitation and demands a jury as follows:

1. The allegations contained in paragraph one of the petition for limitation of or exoneration from liability ("petition") are a legal conclusions that do not require a response.

2. The allegations contained in paragraph two of the petition are denied due to insufficient knowledge to justifiable belief.

3. The allegations contained in paragraph three of the petition are admitted.

4. The allegations contained in paragraph four of the petition are admitted.

5. The allegations contained in paragraph five of the petition, are denied due to insufficient knowledge to justify a belief.

6. The allegations contained in paragraph six of the petition are denied due to insufficient knowledge to justify a belief.

7. The allegations contained in paragraph seven of the petition are denied due to insufficient knowledge to justify a belief.

8. The allegations contained in paragraph eight of the petition are denied.

9. The allegations contained in paragraph nine of the petition are denied.

10. The allegations contained in paragraph ten of the petition are admitted.

11. The allegations contained in paragraph eleven of the petition are denied.

12. The allegations contained in paragraph twelve of the petition are denied due to insufficient knowledge to justify a belief.

13. The allegations contained in paragraph thirteen of the petition are admitted.

14. The allegations contained in paragraph fourteen of the petition are denied due to insufficient knowledge to justify a belief.

15. The allegations contained in paragraph fifteen of the petition are denied.

16. The allegations contained in paragraph sixteen of the petition are denied.

17. The allegations contained in paragraph seventeen of the petition are denied due to insufficient knowledge to justify a belief.

18. Defendant/claimant in limitation ("Claimant") demands a trial by jury, with respect to all issues pertaining to liability, and for her claims for damages

## AFFIRMATIVE DEFENSES

19. At the commencement of the voyage, petitioner's in limitation ("Petitioner") vessel here and after referred to, as ("Baha")was not seaworthy, properly manned nor equipped.

20. John Isello "decedent" died in the boating accident, due to the negligence, recklessness of the operator of the Baha and the unseaworthiness of the vessel; which was within the knowledge and privity of Robert Chacon ("Chacon")..

21. At all relevant times hereto Chacon was operating and/or overseeing the operation of the Baha and was the person in charge and control of the vessel from the time she started the voyage until the time of the casualty.

22. The negligence and recklessness of the operator of the Baha, and the unseaworthiness of the Baha. include but are not limited to the following:

   a. Failure to abide by the rules of the road.
   b. Failure to maintain a proper lookout.
   c. Failure to give way.
   d. Failure to sound proper signals.
   e. Inadequate training and familiarity with the operation of the Baha.
   f. Inadequate training and familiarity with rules of the road.

23. As a result of the above listed negligence, fault, recklessness and unseaworthiness, which were within the privity and knowledge of the vessel owner as well as the unseaworthiness of the tugboat MELVIN LEMMERHIRTS, its tow, and the negligence of its crew; the Baha. was caused to tip and capsized, causing the plaintiff to sustain serious injury, excruciating pain and suffering which resulted in his death.

24. The Petitioner's valuation of the Baha, following the accident is inadequate and therefore limitation proceeding should be dismissed.

25. Claimant should be allowed, pursuant to proper stipulations, to have the issues of liability and damages heard, in state court, or

any other court of proper jurisdiction, before a jury reserving this Court's right to decide issues of limitation liability should a verdict exceeding the limitation fund be entered.

26. Claimant prays for and demands trial by jury on the issues of liability and damages.

**WHEREFORE**, Claimant Cynthia Isello ,prays that petitioner not be entitled to limitation or exoneration of liability and the limitation/exoneration action be dismissed, that the limitation stay be lifted to allow claimant to litigate her claim before a jury in this court or in any other court of proper jurisdiction, including Supreme Court of New York, reserving this Court's right to decide issues of limitation liability should a verdict exceeding the limitation fund be entered on behalf of claimant, and that claimant be awarded costs and disbursements.

## CLAIM IN LIMITATION

**NOW INTO COURT**, through undersigned counsel, comes Cynthia Isello, widow of the decedent, John Isello, individually and as his personal representative and Administratrix of the estate of John Isello, to claim damages from plaintiff as follows as:

1. As a direct cause of the negligence and reckless conduct of the plaintiff as set forth in the answer to petition seeking exoneration from or limitation of liability, decedent was caused to endure conscious pain, suffering, fear and fright prior to his death.
2. Petitioner's allegation that Chacon was not operating the Baha are denied; if proven at trial, claimant pleads that New York State Navigation Law § 48 making the owner of a vessel liable for the negligence its operator are applicable
3. Petitioner's allegation that Chacon was not operating the Baha are denied, if it was being operated by someone else it was under Chacon's supervision and, with his expressed and/or implied permission.
4. CPLR 1602(2)(iv) does not apply to this action.
5. Claimant brings a survival action for decedent's conscious pain and suffering on behalf of the estate of John Isello in the amount of FOUR MILLION($4,000,000.00)DOLLARS.

6. Claimant Cynthia Isello, personally and as personal administratrix of the estate of John Isello, brings an action for loss of support, loss of services, loss of inheritance, loss of society and consortium on her behalf in the amount of TWO MILLION($2,000,000.00)DOLLARS.

7. Claimant prays that the answer and claim be deemed sufficient and that petitioners be denied the right to limit and/or exonerate their liability in this matter, and that an injunction be lifted to allow claimant to pursue her claims in any court of competent jurisdiction of her choosing and that an alternative claimants claim be resolved in her favor in due process and there be judgment in her favor on all counts and claims in the amount of six millions ($6,000.000.00) in addition to costs and disbursements of these proceedings.

Dated:    New York, New York

TABAK, MELLUSI & SHISHA LLP
Attorneys for Plaintiff

By:_____
JACOB SHISHA (5254)
29 Broadway
New York, New York 10006
(212) 962-1590

## CERTIFICATE OF SERVICE

Jacob Shisha, being over the age of 18, declares that on July 8, 2008, he served the above Answer and Claim on counsel for Petitioner, by first-class mail at the address listed below:

Rubin, If You Row of, and Friedman LLP
292 Madison Ave.
New York, NY 10017

Dated: July 2, 2008

_____
Jacob Shisha