536-07/PB

FREEHILL, HOGAN & MAHAR
Attorneys for Claimant,
GREAT LAKES DREDGE and DOCK COMPANY
80 Pine Street
New York, New York 10005
(212) 425-1900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT

of

Estate of ROBERT CHACON, deceased, as
owner of a 2005 24-foot Baha motor vessel
for Exoneration from or Limitation of Liability,

                       Petitioner.
-----------------------------------------------------------x

08 CV 3942 (DLC)

GREAT LAKES CLAIM,
ANSWER AND
COUNTERCLAIM TO THE
COMPLAINT OF
ESTATE OF ROBERT CHACON

      Now comes Great Lakes Dredge & Dock Company LLC., ("Great Lakes") by and through its undersigned counsel and makes its claim pursuant to Supplemental Rule F of the Federal Rules of Civil Procedure against the Estate of Robert Chacon, the owner of a 2005 24 ft. Baha motor vessel, upon information and belief as follows:

## JURISDICTION AND VENUE

      1.    This is a case within the admiralty and maritime jurisdiction of the United States and the claims herein are admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Rule F.

NYDOCS1/307600.1

2. The court has jurisdiction over the subject matter of the within action under 28 U.S.C. §§1333, 1367 and Supplemental Rule F. Venue is proper for this claim pursuant to Supplemental Rule F(9) and the Limitation of Vessel Owner's Liability At (Limitation Act) 46 U.S.C. §§181 et seq. pursuant to which the Estate has filed the complaint.

## PARTIES

3. Great Lakes is a corporation organized and existing under the laws of the State of Delaware with an office and place of business at 2122 York Road, Oak Brook, Illinois 60523.

4. Great Lakes was the owner and operator of the Tug Melvin Lemmerhirt and Scow GL65 on October 20, 2007.

5. Robert Chacon, deceased, was the owner and operator of a 2005 24-ft Baha motor vessel on October 20, 2007.

## NATURE OF THE ACTION

6. On April 11, 2008, the Estate of Robert Chacon as owner of a 2005 24-ft Baha motor vessel filed a complaint seeking Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§181-189 and Supplemental Rule F with respect to a collision that occurred in the vicinity of Ambrose Light involving the 24 ft. Baha motor vessel owned by Chacon and the towing wire between the Tug Melvin Lemmerhirt and Scow GL 65.

7. On May 19, 2008 the Honorable Deborah A. Batts ordered that all persons asserting claims with respect to the complaint were to file their claims with this court before July 18, 2008.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

8. At all relevant times, Great Lakes was the owner and operator of the Tug Melvin Lemmerhirt and the Scow GL 65.

9. At all relevant times, Robert Chacon was the owner and operator of the 2005 24 Ft. Baha motor vessel involved in the aforesaid collision.

10. On October 20, 2007, the Tug Melvin Lemmerhirt was a fit and seaworthy vessel of 173 tons built in 1973 and drawing 14ft feet forward and 17ft aft.

11. At approximately 2250 on October 20, 2007, the Tug Melvin Lemmerhirt was outbound towards Ambrose channel in the vicinity of No. 3 buoy with a loaded GL 65 dump scow on a course of 120 degrees true with the speed of 7 knots.

12. At approximately 2250 on October 20, 2007, the 2005 24ft Baha motor vessel owned and operated by Robert Chacon altered course to try to pass between the Tug Melvin Lemmerhirt and the Scow GL 65.

13. The Captain of the Tug Melvin Lemmerhirt repeatedly called the 2005 24ft Baha motor vessel on the radio channels 13 and 16 to warn the motor vessel and telling the vessel not to pass between the Tug and the Scow.

14. At approximately 2250 on October 20, 2007, the Tug Melvin Lemmerhirt signaled with its lights, shined its lights on the tow wire and made other efforts to warn the 2005 24ft Baha motor vessel about crossing between the Tug and the Scow.

15. The 2005 24ft Baha motor vessel owned and operated by Robert Chacon ignored all of the warning signals from the Tug Melvin Lemmerhirt and continued on its course and speed and collided with the tow wire connecting the Tug Melvin Lemmerhirt and the Scow GL 65.

16. The collision and damages resulting there from were not caused by or contributed to by any fault or negligence on the part of those in charge of the Tug Melvin Lemmerhirt or the Scow GL65, but were caused wholly by, and due solely to, fault and negligence on the part of those in charge of the 2005 24ft Baha motor vessel owned and operated by Robert Chacon in the following particulars, among others, which will be brought out in trial:

    a. She was not in charge of competent persons;

    b. She failed to keep a good lookout;

    c. She was proceeding at an immoderate rate of speed under the circumstances;

    d. She failed to keep on her own starboard side of the channel as she was required to do so under provisions of the applicable Navigational Rules.

e. She suddenly and unexpectedly sheared across the channel and into the path of the Tug Melvin Lemmerhirt and Scow GI 65;

f. After being warned not to pass between the tug and the scow, she altered course in direct violation of the rules and tried to pass between the tug and the scow;

g. She failed to stop and reverse her engines when danger of collision was or should have been apparent;

h. She did not do anything to avoid collision.

i. Her owner and operator were not familiar with the applicable Rules of the Road or in the alternative, chose to ignore the Rules of the Road and due to this collided with the towing wire between the tug and the scow;

j. Her owner and operator were not familiar with or chose to ignore the rules regulating the lighting of vessels underway;

k. Due to their personal behavior, those persons on the 2005 24Ft Baha motor vessel were in no condition to appreciate the warnings given by the Tug Melvin Lemmerhirt, the meanings of the lights illuminated on the tug and scow, that the tug was towing the scow and that if they tried to pass between the tug and the scow they would strike the towing cable.

17. Great Lakes has suffered property damage in an amount not to exceed $5,000 but a number of claims have been made against Great Lakes for damages sustained through loss of life and personal injuries by reason of the collision. It is not now possible, and will not be possible before legal adjudication thereof to state the amount of such claims allowed or proved against Great Lakes but said Great Lakes makes further claim in addition to its damages against the Estate of Robert Chacon for all such sums that may be allowed or adjudged against it and hereby gives notice of its intent to hold the Estate of Robert Chacon and the 2005 24ft Baha motor vessel responsible for all damages which it may sustain by reason of such allowance and adjudication of claims against it and for all monies which it may be called upon to pay to other persons or corporations for loss or injuries arriving from said collision and the resulting loss of life and personal injuries.

**WHEREFORE,** Great Lakes demands:

a) The Estate's petition for exoneration from or limitation of liability be denied and;

b) that a judgment be entered in favor of Great Lakes against the Estate for all damages as may be finally determined by this court, together with interest and reasonable attorney's fees and costs;

c) that Great Lakes be awarded full indemnity and contribution from the Estate for any and all judgments against Great Lakes arising from this collision;

d)	that this Honorable Court grant such other and further relief as may be just and proper in the circumstances.

## ANSWER

Now comes Great Lakes Dredge & Dock Company LLC., ("Great Lakes") by and through its undersigned counsel and answers the complaint filed pursuant to Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims by the Estate of Robert Chacon as owner of a 2005 24 ft. Baha motor vessel upon information and belief as follows:

1.	Admits the allegations contained in paragraph "1" of the complaint.

2.	Denies knowledge or information sufficient to form a belief regarding allegations contained in paragraph "2" of the complaint.

3.	Admits the allegations contained in paragraph "3" of the complaint.

4.	Denies knowledge or information sufficient to form a belief regarding allegations contained in paragraph "4" of the complaint.

5.	Denies knowledge or information sufficient to form a belief regarding allegations contained in paragraph "5" of the complaint.

6.	Denies knowledge or information sufficient to form a belief regarding allegations contained in paragraph "6" of the complaint.

7.	Denies knowledge or information sufficient to form a belief regarding allegations contained in paragraph "7" of the complaint.

8. Denies the allegations contained in paragraph "8" of the complaint.

9. Denies the allegations contained in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief regarding allegations contained in paragraph "10" of the complaint.

11. Denies the allegations contained in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief regarding allegations contained in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief regarding allegations contained in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief regarding allegations contained in paragraph "14" of the complaint.

15. Denies the allegations contained in paragraph "15" of the complaint.

16. Denies knowledge or information sufficient to form a belief regarding allegations contained in paragraph "16" of the complaint.

17. Denies the allegations contained in paragraph "17" of the complaint.

## AS AND FOR A FIRST DEFENSE

18. Great Lakes alleges that the Limitation plaintiff is not entitled to either Exoneration from or Limitation of Liability pursuant to 46 U.S.C. §§181-189 and the various supplementary statutes thereto because the following acts of negligence and he unseaworthy condition of said vessel were all within the privity and knowledge of Robert Chacon:

1. Failure to insure that the vessel was in charge of competent persons;

2. Failure to keep a good lookout;

3. Proceeding at an immoderate of speed;

4. Failure to keep to her own starboard side of the channel as it was required to do;

5. Suddenly and unexpectedly shearing across the channel and into the towing wire of the Tug Melvin Lemmerhirt.

6. Failure to stop and reverse her engines when the danger of collision was or should have been apparent;

7. Failure to do anything to avoid the collision;

8. Allowing the operator of the vessel to operate the vessel in a condition in which the operator did not know or appreciate what the lights on the tug and scow meant, what the warning signals were and the danger of trying to pass between the tug and scow;

9. Failure to maintain a radio watch;

10. Failure to insure that the operator of the vessel attended the mandatory boating education courses required by New Jersey law.

11. Other negligent act and omissions within limitation plaintiff's privity or knowledge leading to the aforementioned incident on October 20, 2007.

## AS AND FOR A SECOND DEFENSE

19. The aforesaid collision involving the 2005 24ft Baha motor vessel and

the towing wire between the Tug Melvin Lemmerhirt and Scow GL 65 was the result of the negligence and gross negligence or willful and wanton misconduct of the Limitation plaintiff in his capacity as owner and/or operator of the vessel and was the result of the violation of applicable Federal, Safety and Operating Regulations or Statutes by the limitation plaintiff in his capacity as the owner and/or operator of the vessel.

### AS AND FOR A THIRD DEFENSE

20.    The damages referred to in Great Lakes claim were not caused or contributed to in any manner by Great Lakes or its servants, employees, agents or anyone for whom Great Lakes was responsible.

### AS AND FOR A FOURTH DEFENSE

21.    Great Lakes maintains that a force majeure, inevitable accident, peril of the sea, Act of God or negligence, breach of contract or other wrongful act or omission of third parties over whom the limitation plaintiff had no control are defenses which are not available to the limitation plaintiff because of the limitation plaintiff's own negligence and/or willful or wanton misconduct caused the collision and resulting damage to Great Lakes thereby making such defenses unavailable to the limitation plaintiff.

### AS AND FOR A FIFTH DEFENSE

22.    Great Lakes states that the affidavit of value submitted with the Complaint in improper in that the stated value of the 2005 24Ft Baha motor vessel is

insufficient and Great Lakes reserves the right to contest the appraisal of said vessel, and/or the applicable interest rates.

## COUNTER CLAIM

23. This is an Admiralty Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedures.

24. Great Lakes is a Delaware corporation with its principal place of business in Oak Brook Illinois.

25. At relevant time, the plaintiff Estate and Robert Chacon were residents of New Jersey and the owner and operator of a 2005 24ft Baha motor vessel.

26. At relevant times, plaintiff Chacon was responsible for the safe, non-negligent operation and maintenance of the 2005 24 Ft. Baha motor vessel;

27. On October 20, 2007, the 2005 24 Ft. Baha motor vessel was in collision with the towing wire between the Tug Melvin Lemmerhirt and the Scow GL65.

28. Great Lakes has taken measures to investigate and defend against potential claims arising out of the collision although Great Lakes hereby expressly denies that it has any liability to Limitation Plaintiff or any third party arising out of the said collision.

29. Great Lakes has taken and will continue to take, all reasonable steps to minimize it costs incurred in the investigation and defense of these potential claims.

## FIRST CAUSE OF ACTION

30. Claimant Great Lakes repeats each and every allegation contained in paragraphs 1 - 17 of the Claim and paragraphs 1- 22 of the Answer and Counterclaim as if fully set forth herein.

31. In the event Great Lakes and/or any other third party is/are found to be entitled to recover damages in respect of the collision that is the subject of the Complaint, that party should recover directly against Limitation Plaintiff and not against Great Lakes.

32. In the event any other third party is/are found to be entitled to recover from Great Lakes for some or all of their damages resulting from the collision (which liability is denied by Great Lakes), Great Lakes is entitled to indemnification and/or contribution from Limitation Plaintiff because the true cause of the loss resulted from Limitation Plaintiff's neglect, fault, reckless or intentional acts or due to the unseaworthy condition of the 2005 24 Ft. Baha motor vessel or was due to the neglect, fault, reckless or intentional acts of a party for whose conduct limitation plaintiff is responsible and was not caused by the neglect, fault, reckless or intentional act of claimant Great Lakes or any party for whose conduct Great Lakes is responsible  Such indemnification right includes indemnification for all attorneys' fees and costs reasonably incurred in investigating and defending such third party claims and enforcing its indemnity rights against Limitation Plaintiff.

WHEREFORE, Great Lakes prays:

  a. That this court deny the petition for Exoneration from Limitation of Liability for Robert Chacon and the Estate of Robert Chacon;

  b. this court award judgment in favor of Great Lakes and against the Estate of Robert Chacon in its capacity as owner and/or operator of the 2005 24 Ft. Baha motor vessel in an amount equal to the costs, damages and/or disbursements incurred by Great Lakes, such an amount to be established at trial, plus interest, attorneys' fees and costs and;

  c. that this court grant such other and further relief as is just and appropriate in the circumstances.

Dated: July 7, 2008

    New York, New York

          Yours, etc.

          FREEHILL, HOGAN & MAHAR
          Attorneys for Great Lakes
          Dredge & Dock Co. LLC

          By: _____
          Patrick J. Bonner
          80 Pine Street
          New York, New York 10005
          (212) 425-1900

To: James E. Mercante, Esq.
   Rubin, Fiorella & Friedman LLP
   Attorney for Limitation Plaintiff
   Estate of Robert Chacon
   292 Madison Avenue
   11th Floor
   New York, New York 10017

Jacob Shisha, Esq.
Tabak, Mellusi, & Shisha
29 Broadway
New York, New York 10006