James E. Mercante (JM 4231)
Yoon S. Han (YH 7602)
RUBIN, FIORELLA & FRIEDMAN LLP
292 Madison Avenue
New York, NY 10017
(212) 953-2381
*Attorneys for Petitioner*
*Estate of Robert Chacon*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE COMPLAINT

of

Estate of ROBERT CHACON, deceased, as owner
of a 2005 24-foot Baha motor vessel, for
Exoneration from or Limitation of Liability,

Petitioner.

Civil Action No.: 08 CV 3942 (DLC)

**ANSWER TO GREAT LAKES'
CLAIM AND COUNTERCLAIM
AND PETITIONER'S COUNTER
CLAIM**

Estate of ROBERT CHACON, (hereinafter "Petitioner"), by its attorneys, RUBIN,

FIORELLA & FRIEDMAN LLP, as and for its Answer to Great Lakes Dredge & Dock Company

LLC ("Great Lakes") Claim and Counterclaim, alleges, upon information and belief, as follows:

## ANSWER TO CLAIM OF GREAT LAKES

1.      Paragraph "1" of the Claim contains conclusions of law, to which a responsive

pleading is not required.  All conclusions of law are appropriately referred to this honorable court.

2.      Paragraph "2" of the Claim contains conclusions of law, to which a responsive

pleading is not required.  All conclusions of law are appropriately referred to this honorable court.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph "3" of the Claim.

1

4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Claim.

5.    Admits that Robert Chacon, deceased, was the owner of a 2005 24-ft Baha motor vessel on October 20, 2007 and denies the remaining allegations contained in paragraph "5" of the Claim.

6.    Admits that on April 11, 2008, Petitioner filed a complaint seeking Exoneration from or Limitation of Liability.

7.    Admits that on May 19, 2008, the Honorable Deborah A. Batts issued an Order Restraining Suits, Approving Ad-Interim Security, and Directing Issue of Notice and the Filing of Claims.

8.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Claim.

9.    Admits that Robert Chacon, deceased, was the owner of a 2005 24-ft Baha motor vessel on October 20, 2007, and denies the remaining allegations contained in paragraph "9" of the Claim.

10.    Denies the allegations contained in paragraph "10" of the Claim.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Claim.

12.    Denies the allegations contained in paragraph "12" of the Claim.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Claim.

14.    Denies the allegations contained in paragraph "14" of the Claim.

2

15.    Denies the allegations contained in paragraph "15" of the Claim.

16.    Denies the allegations contained in paragraph "16" of the Claim.

17.    Denies the allegations contained in paragraph "17" of the Claim.


## ANSWER TO COUNTERCLAIM OF GREAT LAKES

18.    Paragraph 23 of the Counterclaim contains a conclusion of law, to which a responsive pleading is not required.  All conclusions of law are appropriately referred to this honorable court.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Counterclaim.

20.    Admits that Robert Chacon was a resident of New Jersey and the owner of a 2005 24-ft Baha motor vessel on October 20, 2007, and denies the remaining allegations contained in paragraph "25" of the Counterclaim.

21.    Denies the allegations contained in Paragraph "26" of the Counterclaim.

22.    Admits that on October 20, 2007, a marine casualty occurred involving the 2005 24 ft. Baha motor vessel and the Tug Melvin Lemmerhirt's towing line; and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in contained in paragraph 27 of the Counterclaim.

23.    Denies the allegations contained in paragraph "28" of the Counterclaim.

24.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Counterclaim.

25.    Petitioner repeats each and every answer and denial contained in paragraphs 1-17 of the Answer to Claim as if fully set forth herein.

3

26.   Denies the allegations contained in paragraph "31" of the Counterclaim.

27.   Denies the allegations contained in paragraph "32" of the Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The incident alleged in the Claim and Counterclaim occurred without the fault, privity or knowledge of Petitioner, and the amount of Claimant's damages, if any, may exceed the value of said Petitioner's interest in the vessel.  Petitioner is therefore entitled to exoneration from, or limitation of liability, to the value of its vessel in the amount of $500, pursuant to the Limitation of Liability Act of 1851, 46 U.S.C. § 30501 *et. seq.*

### SECOND AFFIRMATIVE DEFENSE

If Claimant sustained any injuries and/or damages as alleged in the Claim and Counterclaim, which is denied, said injuries and/or damages were caused solely and/or were contributed to by the negligence, fault, want of care, on the part of Claimant or on the part of third-parties for whom Petitioner is not liable.

### THIRD AFFIRMATIVE DEFENSE

That the injuries and/or damages alleged to have been sustained by Claimant were caused, in whole or in part, through the culpable conduct of Claimant, without any negligence on the part of Petitioner and without his privity or knowledge and that Petitioner seeks exoneration from liability and/or limitation of liability and/or dismissal or reduction in any recovery that may be had by Claimant in the proportion to the culpable conduct, attributable to Claimant bears to the culpable

4

conduct, which caused said injuries, damages, and/or illnesses.

### FOURTH AFFIRMATIVE DEFENSE

Claimant has failed to mitigate his damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of the sole negligence of Claimant.

### SIXTH AFFIRMATIVE DEFENSE

Negligence, if any, on the part of Petitioner, which is denied, was not the proximate cause of any injuries and/or damages sustained by Claimant.

### SEVENTH AFFIRMATIVE DEFENSE

The Claim and Counterclaim fails to state a cause of action upon which relief can be granted.

### PETITIONER'S COUNTERCLAIM AGANST GREAT LAKES

Estate of ROBERT CHACON, (hereinafter "Petitioner"), by its attorneys, RUBIN, FIORELLA & FRIEDMAN LLP, as and for its Counterclaim against Great Lakes Dredge & Dock Company LLC ("Great Lakes"), alleges, upon information and belief, as follows:

1.     This court has jurisdiction in this action pursuant to 28 U.S.C. § 1333 as Petitioner's Counterclaim alleges a maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.     ROBERT CHACON was the owner of 2005 24-foot Baha motor vessel (hereinafter the "Vessel") on October 20, 2007.

3.    At all relevant times, Great Lakes was the owner and operator of the tugboat Melvin Lemmerhirt.

4.    On October 20, 2007, when the Vessel was underway upon navigable waters of New York Harbor, Lower Bay, a casualty occurred involving the Vessel and the tugboat Melvin Lemmerhirt's towing line.

5.    ROBERT CHACON was not operating the Vessel when the casualty occurred.

6.    The casualty was not caused by the fault or negligence of ROBERT CHACON.

7.    As a consequence of the incident, Petitioner anticipates that there will be claims asserted against it in an amount that exceeds the amount of Petitioner's interest in the Vessel.

8.    Any claim or claims, injury, loss, and/or damage arising from the casualty were not due to any fault or neglect on the part of the owner of the Vessel, ROBERT CHACON, and occurred without ROBERT CHACON's privity or knowledge.

## FIRST CAUSE OF ACTION

9.    Petitioner repeats each and every allegation contained in paragraphs 1-8 of the Counterclaim as if fully set forth herein.

10.    If any third-party was caused to sustain injury, loss, and/or damages arising from the casualty, then said injury, loss, and/or damages were sustained by reason of the carelessness, recklessness, negligence, negligent supervision, culpable conduct, violations of statutory and nautical rules of the road by Great Lakes and its employees with no negligence of Petitioner.

11.    That by reason of the foregoing, Claimant Great Lakes is liable in full for indemnification or contribution to Petitioner Estate of Robert Chacon in the event of a recovery by a third-party, or for that proportion thereof caused by the relative responsibility of Claimant, and

6

Claimant is bound to pay any and all costs, fees and disbursements.

## SECOND CAUSE OF ACTION

12.    Petitioner repeats each and every allegation contained in paragraphs 1-11 of the Counterclaim as if fully set forth herein.

13.    As a result of Great Lakes' and its employees' carelessness, recklessness, negligence, negligent supervision, culpable conduct, violations of statutory and nautical rules of the road, Petitioner suffered total loss to its Vessel in the amount of $35,500, its insured value less the $500 salvage value.

14.    That by reason of foregoing, Claimant Great Lakes is liable in full for the value of the Vessel, in the amount of $35,500, to Petitioner Estate of Robert Chacon or its insurer as its interest may appear.

**WHEREFORE**, Petitioner prays:

1.    That Claimant Great Lakes' Claim and Counterclaim be dismissed;

2.    That Petitioner is entitled to exoneration from and/or limitation of liability herein;

3.    That Claimant Grate Lakes be held liable for the value of the Petitioner's Vessel; and

3.    That Claimant Great Lakes be held liable for contribution and/or common law indemnity, jointly and severally along with costs, disbursements and any other different relief the Court deems just and equitable.


Dated: July 29, 2008
       New York, New York


7

**RUBIN, FIORELLA & FRIEDMAN LLP**
*Attorneys for Petitioner Estate of Robert Chacon*


By: _____
       James E. Mercante
       Yoon S. Han.
       292 Madison Avenue, 11th Floor
       New York, New York 10017
       Ph: 212 953-2381
       Our File No. 625-9714


TO:    Patrick J. Bonner
       FREEHILL, HOGAN & MAHAR
       *Attorneys for Great Lakes Dredge*
       *& Dock Company LLC*
       80 Pine Street
       New York, New York 10005

       Jacob Shisha, Esq.
       *Attorneys for Cynthia Isello*
       Tabak, Mellusi, & Shisha
       29 Broadway
       New York, New York, 10006

8