JACOB SHISHA
TABAK MELLUSI & SHISHA LLP
Attorneys for Claimant Cynthia Isello
29 Broadway
New York, NY 10006
Tel: (212) 962-1590
Fax: (212) 385-0920

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF THE PETITION ) | Civil No.: 08 3942 (DLC) |
| ) | |
| of ) | **CROSS CLAIM OF CYNTHIA ISELLO,** |
| ) | **Individually and as Personal** |
| ESTATE OF ROBERT CHACON ) | **Representative and** |
| deceased, ) | **Administratrix of the Estate of John** |
| as owner of a 2005 24ft. Baha motor ) | **Isello** |
| vessel for exoneration from or limitation of ) | |
| liability ) | **Cross Claimant Demands Trial by Jury** |
| Petitioner. ) | |
| ) | |

   NOW INTO COURT, through undersigned counsel, comes Cynthia Isello

("Isello"), widow, personal representative and court appointed administratrix of the

estate of John Isello ("decedent") for her cross claim against claimant in limitation, Great

Lakes Dredge & Dock Company ("Great Lakes"), avers as follows:


**JURISDICTION**

1.   The Estate of Robert Chacon ("Chacon") brought this action under 46 U.S.C. §

3051 *et. seq.*  Isello filed an Answer & Claim, requesting that the action be dismissed,

Isello be allowed to file her claims in state court under Savings to Suitors, and in the

alternative asserting claims for wrongful death of decedent, and a survival action for

decedent's pre-death pain and suffering.

2. Great Lakes filed an Answer and Counter Claim in the action for minor damages sustained by their vessel in the collision, but primarily for contribution or indemnification for any claims that may be asserted by parties other than Chacon against it as a result of the collision.

3. Isello maintains that the limitation proceeding should be dismissed or stayed as to allow her to bring her claims against Chacon and Great Lakes in state court under Savings to Suitors.   This Court having ordered the parties to file all amendments to the pleadings including the filing of additional claims by September 12, 2008; Isello without prejudice brings this action as a precautionary measure to comply with the Courts order, without waiving her claim that her causes of action against Great Lakes can be brought in a separate action in state court.

4. Jurisdiction for Isello's cross claim against Great Lakes arises under 28 U.S.C. § 1332 Diversity of Citizenship with the amount in controversy exceeding $75,000.00; in the alternative should there be a judicial determination that jurisdiction under Diversity of Citizenship does not exist, jurisdiction will be predicated on 28 U.S.C. § 1333 admiralty and general maritime law of the United States.

## PARTIES

5. Isello is a citizen and resident of New Jersey.

6. Great Lakes is a Delaware corporation with its principle place of business in Oak Brook, Illinois.

7. Isello's claim against Great Lakes exceeds $75,000.00 excluding interest, fees and costs.

8. Isello was appointed as adminstratix of decedent's estate and is authorized to bring this action on behalf of decedent's estate and on her own behalf.

9. On October 20, 2007 Great Lakes owned and operated the Tug MELVIN LEMMERHIRT and Scow GL65 ("Great Lakes Tug and Tow").

10. On October 20, 2007 John Chacon was the owner and operator of a 2005 24 ft Baha motor vessel ("Chacon Vessel").

## FACTUAL ALLEGATIONS

11. On October 20, 2007 decedent was a passenger aboard the Chacon Vessel.

12. Decedent was in no way involved in operation of the Chacon Vessel.

13. At about 2250 on October 20, 2007 the Chacon Vessel came into contact with the Great Lakes Tug and Tow causing the Chacon Vessel to capsize.

14. The accident was caused in part by the negligence and unseaworthiness of the Great Lakes Tug and Tow; including but not limited to:

   a. The length of the tow exceeded applicable regulations.

   b. The tug and tow had excessive number of lights on, in addition to the required navigation lights, which obscured and confused those observing her making it difficult to ascertain the direction of the tug's travel and whether she was towing a barge.

   c. Failure to keep a good lookout;

   d. Failure to timely sound the proper danger signals as required by the rules of the road.

   e. Failure to timely warn as to the location of her barge.

   f. Failure to timely take action to avoid collision.

15. As a result of Great Lake's negligence and the unseawothiness of its tug and tow decedent was caused to suffer injuries resulting in conscious pain and suffering, fear and fright leading up to his death.

16. As a result of decedent's death Isello has incurred loss of support, loss of inheritance and loss of household services in the amount of to be proven at trial.

17. Isello brings an action on behalf of decedent's estate for his pre-death conscious pain and sufferin, fear and fright in an amount to be proven at trial.

18. That pursuant to Savings to Suitors this action should be stayed and/or transferred to the Supreme Court of New York.

**WHEREFORE**, Cross Claimant Isello prays that pursuant to Savings to Suitors, that this action be stayed or transferred to Supreme Court of New York; in the alternative that judgment be entered against Great Lakes and the Estate of Chacon jointly and severally in the wrongful death action and survival action of the estate in an amount to be proven at trial together with costs and disbursements of this action, pre and post judgment interest.

TABAK, MELLUSI & SHISHA LLP
Attorneys for Cynthia Isello

By:_____
JACOB SHISHA (5254)
29 Broadway
New York, New York 10006
(212) 962-1590