LAW OFFICES

# TABAK, MELLUSI & SHISHA LLP

29 BROADWAY
NEW YORK, NEW YORK 10006

TEL (212) 962-1590
TEL (800) 280-1590
FAX (212) 385-0920

RALPH J. MELLUSI
JACOB SHISHA*
*ALSO ADMITTED IN
NEW JERSEY AND
LOUISIANA

OF COUNSEL
SHELDON TABAK
STEPHEN B. ROBERTS

**MEMO ENDORSED**

August 5, 2008

Honorable Judge Denise Cote
United States District Courthouse
500 Pearl Street, Rm. 1040
New York, NY 10007

AUG 0 7 2008

Re: Cynthia Isello Administrator of the
Estate of John Isello v. Tug: Melvin Lemmerhirt
And Recreational Fishing Boat
O8 CV 3942(DLC)
Date of Death: 10/21/07
Our File#: S2355.07

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/08

Dear Judge Cote:

    We represent claimant, Cynthia Isello, widow and personal representative of John Isello, a claimant in this limitation of liability action before Your Honor. Claimant's decedent died in the boating accident that is the subject of this proceeding. The boat owner, John Chocon, also died in the accident. There were 4 people on the boat at the time. His estate ("Chacon") brought this limitation of liability action to attempt to limit their liability to the value of the vessel after the collision, $500.00. In Chacon's petition for limitation they allege that fellow passenger Ronald Anglani was driving the boat at the time of the accident. Mr. Anglani died 2 months after the accident of a heart attack.

    At the August 1, 2008 conference before Your Honor we explained that since Mr. Anglani is deceased we can only bring an action against his estate. No estate has been opened on his behalf. He was 61 years old, divorced and estranged from his only issue, a daughter. He worked as a janitor and did not own any real property nor any motor vehicles. In order to bring him in the suit we would have to bring a special proceeding in Superior Court in Bergen County New Jersey, seeking to have someone appointed as administrator of the estate. The reason we would attempt to bring in an estate with no assets is that Anglani, would be covered under Chacon's insurance policy.

    At the pretrial conference I suggested that we may be able to avoid the necessity of bringing a claim against .Anglani, by filing a motion to determined whether New York Navigation Law § 48 would be applicable. Section 48 provides that an owner of a recreational motorboat is vicariously liable for the negligence of its operator. The Court set a scheduling order, requiring

Honorable Denise Cote
08 cv 3942

that by September 12, 2008 all additional parties had to be brought into the suit and that we file our motion to determine the applicability of New York Navigation Law § 48.

    Since the conference, it has become apparent that we will have to get an administrator appointed to open an estate for Mr. Anglani; then bring the estate into this action. The reason is, that even if New York Navigation Law § 48 is found applicable Chacon could raise the defense that they had no privity or knowledge of the negligence and seek to limit liability to the value of the vessel $500, pursuant to 46 U.S.C. § 30501 *et seq*. Although voluntary disclosures have not been completed, we believe that under the standard recreational boat policy Mr. Anglani would be covered under the Chacon policy and he would not be entitled to limitation of liability pursuant to 46 U.S.C. § 30501 *et seq*., thus making the whole policy available with no defenses. Therefore it is essential that we bring him into this case. Our bringing Anglani's estate into the action would most likely make the motion to determine if New York Navigation Law § 48 is applicable moot.

    We bring this to the Courts attention because the Court had placed a September 12, 2008 deadline for amending the pleadings and bringing in additional parties. We will not be able to complete our heir search and conclude a proceeding in Superior Court in New Jersey by that time. We would therefore request that the current scheduling order be modified as to allow claimant to bring Mr. Anglani into this action within 30 days of his an estate being opened. We have been very diligent in our attempts to get Mr. Anglani's estate opened. We located and spoke with his estranged daughter in Vancouver, who indicated that she wanted nothing to do with her father who had abandoned her and her mother; we spoke with his sister in New Jersey and have located an address for his brother. Once we confirm he has no other heirs we will be able to start an action in Superior Court, Bergen County New Jersey.

    The other parties to this action consent to this request.

    We thank the Court for its consideration, and remain,

    Respectfully yours,

TABAK, MELLUSI & SHISHA LLP

*[signature]*

Jacob Shisha

Cc: James Mercante, Esq.
    Patrick Bonner, Esq.

JS:mg

*[Handwritten note:]* The motion schedule for Isello's preemption motion is vacated. To enlarge the amendment of pleadings date, a party will have to show good cause/diligence. Claimant Isello's status letter regarding the special proceeding in New Jersey is due September 26, 2008.

Denise Cote
August 11, 2008