LAW OFFICES

# PABAK, MELLUSI & SHISHA LLP

### 29 BROADWAY
### NEW YORK, NEW YORK 10006

TEL (212) 962-1590
TEL (800) 280-1590
FAX (212) 385-0920

RALPH J. MELLUSI
JACOB SHISHA*
*ALSO ADMITTED IN
  NEW JERSEY AND
  LOUISIANA

OF COUNSEL
SHELDON TABAK
STEPHEN B. ROBERTS

August 20, 2008

Honorable Judge Denise Cote
United States District Courthouse
500 Pearl Street, Rm. 1040
New York, NY 10007

**MEMO ENDORSED**

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 8/25/08

Re:    Cynthia Isello Administrator of the
       Estate of John Isello v. Tug: Melvin Lemmerhirt
       And Recreational Fishing Boat
       O8 CV 3942(DLC) – In Re Estate of Chacon
       Date of Death: 10/21/07
       Our File#: S2355.07

Dear Judge Cote:

   We represent claimant Cynthia Isello, widow and personal representative of John
Isello, a claimant in the limitation liability action before Your Honor. On August 5, 2008
we wrote the Court a detailed letter indicating why we respectfully request to extend the
September 12, 2008 deadline for bringing in an additional party. A copy of that letter is
attached.

   We now write the Court to advise of an additional and more pressing reason why
we need additional time to bring in Mr. Ronald Anglani, who is deceased. At the initial
pretrial conference, the parties indicated that they would stipulate that the accident
occurred in New York waters. This was important because plaintiff in limitation Chacon,
has alleged that Ronald Anglani , deceased, was driving the boat at the time of the
accident. If the accident occurred in New York, then New York Navigation Law § 48
would apply and make the vessel owner, Chacon liable for the negligence of the operator.
This could alleviate the need to bring in Anglani's estate as a party. This would also save
much time and effort because no one has opened and estate for Ronald Anglani[1].   When
the Court set the September 12, 2008 deadline to add additional parties, it was based on
the representation that the parties would stipulate the accident occurred in New York
waters by August 8, 2008. On August 15, 2008, Counsel for Chacon, wrote the Court,

---

[1] Anglani's daughter advised us she wanted nothing to do with her father who abandoned her and hung up
on us. Anglani sister advised us that he worked as a janitor did not own a car and died penniless, and any
responsibility for opening up an estate lied with his daughter.

and indicated that there was no agreement or stipulation that the accident occurred in New York waters, and it remains a fact issue that letter is attached.

Therefore it is imperative that Mrs. Isello be allowed to bring in the estate of Ronald Anglani as a party, so that we can obtain the benefit of Chacon's insurance policy. Since this will take an additional investigation and commencement of an action in New Jersey there is no way this can be done by September 15, 2008. We would need to conduct and heir search then start an action in Bergen County Superior Court in New Jersey, as a potential creditor to get an administrator appointed to open up an estate for Ronald Anglani.

Opposing counsel consents to our request, and upon the Court's granting the extension of the time to bring in third party claims, we will immediately proceed with the heir searches and file an action in Superior Court Bergen County, New Jersey, to have an administrator appointed on behalf of Mr. Anglani's estate.

Respectfully yours,

TABAK, MELLUSI & SHISHA LLP

Jacob Shisha

JS/kf
Enc.
Cc:    James E. Mercante, Esq.
       Patrick J. Bonner, Esq.

As reflected in the August 11 endorsement, the amendment / joinder date will be extended upon a showing of diligence. The status letter remains due September 26.

Denise Cote
August 25, 2008