FREEHILL, HOGAN & MAHAR
Attorneys for Claimant,
GREAT LAKES DREDGE and DOCK COMPANY
80 Pine Street
New York, New York 10005
(212) 425-1900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT        08 CV 3942 (DLC)

                                       GREAT LAKES' ANSWER
           of                          TO CROSS-CLAIM OF
                                       CYNTHIA ISELLO

Estate of ROBERT CHACON, deceased, as
owner of a 2005 24-foot Baha motor vessel
for Exoneration from or Limitation of Liability,

           Petitioner.
------------------------------------------------------------x

Now comes Great Lakes Dredge & Dock Company LLC., ("Great Lakes") by and through its undersigned counsel and answers the Cross-claim of Cynthia Isello upon information and belief as follows:

1.   The action and pleadings filed by the Estate of Robert Chacon and the Answer & Claim filed by Isello speak for themselves and to the extent that the allegations in paragraph "1" vary in any way from the documents filed, Great Lakes denies the allegations contained in paragraph "1".

2.   Admits that Great Lakes filed an Answer and Counterclaim in the action for damages sustained by its vessel in the collision and for contribution or

indemnification for any claims that may be asserted by parties, other than Chacon, against it as a result of the collision but except as so admitted, denies the remaining allegations contained in paragraph "2".

3. Denies that the limitation proceeding should be dismissed, admits that the Court ordered the parties to file all amendments to the pleadings by September 12, 2008 and denies the remaining allegations contained in paragraph "3".

4. Denies knowledge or information sufficient to form a belief regarding the existence of diversity jurisdiction and admits that there is jurisdiction pursuant to 28 U.S.C. §1333 and denies the remaining allegations contained in paragraph "4".

5. Denies knowledge or information sufficient to form a belief regarding allegations contained in paragraph "5".

6. Admits the allegations contained in paragraph "6".

7. Denies the allegations contained in paragraph "7".

8. Denies knowledge or information sufficient to form a belief regarding the allegations contained in paragraph "8".

9. Admits the allegations contained in paragraph "9".

10. Admits the allegations contained in paragraph "10".

11. Denies knowledge or information sufficient to form a belief regarding allegations contained in paragraph "11".

12. Denies the allegations contained in paragraph "12".

13. Admits that on October 20, 2007 the Chacon vessel came in to contact with something and capsized but except as so admitted, denies the remaining allegations contained in paragraph "13".

14. Denies the allegations contained in paragraph "14".

15. Denies the allegations contained in paragraph "15".

16. Denies allegations contained in paragraph "16".

17. Denies the allegations contained in paragraph "17".

18. Denies the allegations contained in paragraph "18".

### FIRST AFFIRMATIVE DEFENSE

19. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

20. If the cross claimant's decedent sustained any injuries and/or damages as a result of the incident set forth in the Cross- claim, said injuries and/or damages were caused in whole or in part by cross claimant's decedent's own negligence, and were not caused by, or in any manner contributed to by Great Lakes.

### THIRD AFFIRMATIVE DEFENSE

21. If the cross claimant's decedent sustained any injuries and/or damages as a result of the incident set forth in the Cross- claim, said injuries and/or damages

were caused in whole or in part by Petitioner Robert Chacon or other individuals not yet named in this suit, including but not limited to Ronald Anglani

### FOURTH AFFIRMATIVE DEFENSE

22. The Cross- claimant is not entitled to a jury trial in her claims against Great Lakes.

### FIFTH AFFIRMATIVE DEFENSE

23. Any claims for non-pecuniary damages should be dismissed as a matter of law because they are not recoverable under the law applicable to this case.

### SIXTH AFFIRMATIVE DEFENSE

24. If the cross claimant has not been properly appointed as the administrator of the estate of John Isello then this case has been commenced by a party lacking capacity to sue and should be dismissed.

### SEVENTH AFFIRMATIVE DEFENSE

25. Any injuries or damages to the cross claimant or the cross claimant's decedent were caused in whole or in part by the actions of other persons over whom the answering defendant exercised no control or right of control.

## EIGHTH AFFIRMATIVE DEFENSE

26. Great Lakes liability, which is denied, is limited to its equitable share relative to the total culpable conduct of all causes contributing to the alleged harm, including the culpable conduct of both parties and non-parties.

## NINTH AFFIRMATIVE DEFENSE

27. Pursuant to the Limitation of Liability Act, 46 U.S.C. § 30501 *et. seq.*, the liability of answering claimant is limited to the value of the vessel at the time after the incident occurred that is the subject matter of this complaint.

WHEREFORE, Great Lakes demands judgment dismissing the Cross-claim herein with costs, attorneys fees and disbursements and for such other relief as may be deemed just and proper by the court.

Dated:   August 29, 2008
         New York, New York

                                    Yours, etc.

                                    FREEHILL, HOGAN & MAHAR
                                    Attorneys for Great Lakes
                                    Dredge & Dock Co. LLC

                                    By: _____
                                    Patrick J. Bonner
                                    80 Pine Street
                                    New York, New York 10005
                                    (212) 425-1900

To:   James E. Mercante, Esq.
      Rubin, Fiorella & Friedman LLP

NYDOCS1/311537.1                    5

Attorney for Limitation Plaintiff
Estate of Robert Chacon
292 Madison Avenue
11th Floor
New York, New York 10017


Jacob Shisha, Esq.
Tabak, Mellusi, & Shisha
29 Broadway
New York, New York 10006